UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIMONIZ USA, INC<br>    Plaintiff | |
| | Civil Action |
| v. | |
| | May 4, 2016 |
| DOLLAR SHAVE CLUB, INC.<br>    Defendant | |
| | Jury Demand |

**COMPLAINT FOR DECLARATION OF NONINFRINGEMENT**

NOW COMES SIMONIZ USA, INC., (hereafter "Plaintiff SIMONIZ" or "Plaintiff"), Plaintiff in this civil action, who for its Complaint and claim for declaratory relief against Defendant DOLLAR SHAVE CLUB, INC. (hereafter Defendant "DOLLAR SHAVE CLUB", or "Defendant") states as follows:

**INTRODUCTION**

1. Plaintiff SIMONIZ seeks a declaratory judgment and injunctive relief from infringement claims made against Plaintiff by Defendant DOLLAR SHAVE CLUB under the Trademark Laws of the United States and the common law.

2. The case arises as a result of Defendant DOLLAR SHAVE CLUB's erroneous and baseless claims that Plaintiff SIMONIZ is infringing and diluting an asserted trademark DOLLAR SHAVE CLUB of Defendant, and accompanying demands that Plaintiff SIMONIZ cease use of and abandon registrations of its mark DOLLAR CLEAN CLUB.

3. As a result, an actual controversy within this Court's jurisdiction exists between the parties for which Plaintiff seeks as a remedy a decree declaring that Plaintiff SIMONIZ, by virtue of use of the mark DOLLAR CLEAN CLUB, has not infringed nor diluted any trademark of Defendant DOLLAR SHAVE CLUB.

**THE PARTIES**

4. Plaintiff SIMONIZ is a corporation organized under the laws of the State of Connecticut, and has a place of business at 201 Boston Turnpike, Bolton, CT 06043.

5. On information and belief Defendant DOLLAR SHAVE CLUB is a corporation organized under the laws of the State of Delaware, and has place of business at 513 Boccacio Avenue, Venice, CA 90291.

**JURISDICTION AND VENUE**

6. This civil action arises under the Trademark Laws of the United States, known as the Lanham Act, 15 U.S.C. §§1051 *et seq*. and the common law.  This court has subject matter jurisdiction by virtue of 28 U.S.C.§§1331, 1338(a), and 15 U.S.C. §1121, and the Declaratory Judgment Act, 28 U.S.C. §2201.  The Court has supplemental jurisdiction of the common law claim pursuant to 28 U.S.C. §1367 since the acts complained of are so related to the claims in the actions within the original jurisdiction of the Court that they form part of the same case or controversy.

7. Venue for this civil action is proper in this district pursuant to 28 U.S.C. §1391(b).

**FACTUAL BACKGROUND**

8. Plaintiff SIMONIZ is in the business of manufacturing, distributing, and selling janitorial products and supplies including household and industrial cleaners.

9. Plaintiff SIMONIZ sells its household and industrial cleaning products to customers through brick-and-mortar retail outlets as well as an online retail store by the name of DOLLAR CLEAN CLUB having the URL www.dollarclean.com.

10. Plaintiff SIMONIZ has applied to the US Patent & Trademark Office and received a Notice of Allowance to receive a US Trademark Registration for the mark DOLLAR CLEAN CLUB for online retail store services featuring cleaning products.

11. Defendant DOLLAR SHAVE CLUB is in the business of selling personal care products, specifically shaving supplies such as razors and shaving cream, and hair styling products.

12.     Defendant DOLLAR SHAVE CLUB sells its personal care products through an online retail store by the name of DOLLAR SHAVE CLUB having the URL www.dollarshaveclub.com.

13.     Defendant DOLLAR SHAVE CLUB has several US Trademark registrations for the mark DOLLAR SHAVE CLUB for personal care shaving and hair styling products and services.

14.     Defendant DOLLAR SHAVE CLUB is one of many that have trademark registrations for online sales using the DOLLAR CLUB names and marks.  Other US registrations for online sales not associated with Defendant include:

   a.     US Registration 4,753,611 for TWO DOLLAR BEARD CLUB for beard care products (see Exhibit A);

   b.     US Registration 4,915,625 for DOLLAR HOST CLUB for web site hosting services (see Exhibit B);

   c.     US Registration 4,676,707 for DOLLAR SHOTS CLUB for an online store featuring energy drinks (see Exhibit C);

   d.     US Registration 4,646,879 for DOLLAR PHOTO CLUB for downloadable photos and images (see Exhibit D);

   e.     US Registration 4,630,185 for DOLLAR SHOTS CLUB for an online store featuring energy drinks (see Exhibit E); and

   f.     US Registration 4,563,244 for DOLLAR DIABETES CLUB for an online store featuring diabetes supplies (see Exhibit F).

15.     In addition to the US trademark registrations, numerous DOLLAR CLUB names and marks are actively used by others on the internet to sell personal care products and other goods and services.  Examples are:

   a.     DOLLAR BEARD CLUB at URL www.dollarbeardclub.com selling beard care products online (see Exhibit G);

   b.     DOLLAR CLEAN CLUB at URL www.dollarcleanclub.com selling toothbrushes online (see Exhibit H);

   c.     DOLLAR WORKOUT CLUB at URL www.dollarworkoutclub.com selling workout videos and recipes online (see Exhibit I); and

3

   d.  DOLLAR HIGH CLUB at URL www.dollarhighclub.com selling smoking articles and products online (see Exhibit J).

16. Notwithstanding the widespread uses and registrations of DOLLAR CLUB marks for online sales and services, on April 28, 2016 Defendant's attorney sent a cease and desist letter to Plaintiff's attorney claiming that Plaintiff's mark DOLLAR CLEAN CLUB used online for selling household and industrial cleaning products would likely cause confusion of source and dilution of Defendant's mark DOLLAR SHAVE CLUB used online for selling personal care products for shaving and hair styling.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT UNDER THE LANHAM ACT

17. Plaintiff SIMONIZ repeats and re-alleges each of the allegations in Paragraphs 1-16 above.

18. Defendant DOLLAR SHAVE CLUB in its letter of April 28, 2016 asserts that Plaintiff SIMONIZ is infringing Defendant's trademark DOLLAR SHAVE CLUB for personal care products, namely shaving razors, shaving cream, and hair styling pastes by virtue of Plaintiff's use of DOLLAR CLEAN CLUB for online sales of janitorial products and supplies, namely household and industrial cleaners.

19. Defendant DOLLAR SHAVE CLUB in its letter of April 28, 2016 asserts that Plaintiff SIMONIZ is diluting Defendant's trademark DOLLAR SHAVE CLUB for personal care products, namely shaving razors, shaving cream, and hair styling pastes by virtue of Plaintiff's use of DOLLAR CLEAN CLUB for online sales of janitorial products and supplies, namely household and industrial cleaners.

20. Given the numerous US registrations and online uses of DOLLAR CLUB marks for wide ranging products and services, Defendant DOLLAR SHAVE CLUB does not have the exclusive right to use of DOLLAR CLUB marks for online sales of products and services.

21. Given the multiple US registrations and online uses of DOLLAR CLUB marks in Defendant's field of personal care products, Defendant DOLLAR SHAVE CLUB does

not have the exclusive right to use of DOLLAR CLUB marks for online sales of personal care products.

22. Given the multiple US registrations and online uses of DOLLAR CLUB marks in Defendant's field of personal care products, the rights of Defendant DOLLAR SHAVE CLUB to control and exclude others from use of DOLLAR CLUB marks for online sales of personal care products are narrowly limited, if any, to shaving products and hair styling pastes, and do not extend outside the Defendant's field of personal care products to the janitorial products of Plaintiff SIMONIZ.

23. Given the numerous US registrations and online uses of DOLLAR CLUB marks for wide ranging products and services, Plaintiff's mark DOLLAR CLEAN CLUB for sales of household and industrial cleaning products is readily distinguishable from Defendant's mark DOLLAR SHAVE CLUB for sales of shaving products and hair styling pastes, and is not likely to cause confusion of source.

24. Given the numerous US registrations and online uses of DOLLAR CLUB marks for wide ranging products and services, Plaintiff's use of the mark DOLLAR CLEAN CLUB for sales of household and industrial cleaning products is not likely to dilute Defendant's mark DOLLAR SHAVE CLUB for sales of shaving products and hair styling pastes.

25. Wherefore, the specific claims of trademark infringement above by Defendant DOLLAR SHAVE CLUB under the Lanham Act have no merit, and are causing great and incalculable harm and damage to Plaintiff SIMONIZ.  Unless this Court issues a declaration of non-infringement and enjoins Counterclaim Defendants from such further claims, Plaintiff SIMONIZ will suffer irreparable harm and damage for which it has no adequate remedy at law.

## COUNT II
**DECLARATORY JUDGMENT OF NONINFRINGEMENT UNDER THE COMMON LAW**

26. Plaintiff SIMONIZ repeats and re-alleges each of the allegations in Paragraphs 1-25 above.

27.     Wherefore, the specific claims of trademark infringement above by Defendant DOLLAR SHAVE CLUB have no merit under the common law, and are causing great and incalculable harm and damage to Plaintiff SIMONIZ.  Unless this Court issues a declaration of non-infringement and enjoins Counterclaim Defendants from such further claims, Plaintiff SIMONIZ will suffer irreparable harm and damage for which it has no adequate remedy at law.

WHEREFORE, as its prayer for relief, Plaintiff SIMONIZ requests that:

1.     The Court issue a decree and judgment declaring that the use of the mark DOLLAR CLEAN CLUB by Plaintiff SIMONIZ in connection with sales of cleaning products does not infringe nor dilute Defendant's mark DOLLAR SHAVE CLUB for personal care products including shaving and hair care products, under the Lanham Act or the common law.

2.     The Court preliminarily and permanently enjoin Defendant DOLLAR SHAVE CLUB, its agents, representatives, and others acting in concert with it, individually and collectively from claiming that the use of the mark DOLLAR CLEAN CLUB by Plaintiff SIMONIZ in connection with sales of cleaning products infringes or dilutes Defendant's mark DOLLAR SHAVE CLUB for personal care products.

3. The Court declare this case to be exceptional and award Plaintiff SIMONIZ its attorney fees and costs pursuant to 15 U.S.C. §1117.

4. The Court grant Plaintiff SIMONIZ such further relief as the Court in its wisdom and discretion deems just and proper.

                Respectfully submitted

                SIMONIZ USA, INC.

                By /s/ John C. Linderman
                  John C. Linderman
                  ct04291
                  lind@ip-lawyers.com
                  Wm. Tucker Griffith
                  ct19984
                  tucker@ip-lawyers.com

                  McCormick, Paulding & Huber LLP
                  185 Asylum Street, CityPlace II
                  Hartford, CT 06103-3410
                  Ph. 860 549-5290